800 P.2d 11

**STATE of Arizona, Appellant,**

v.

**Henry ANGELO, Jr. and Edward Angelo, Appellees.**

**Nos. 1 CA–CR 89–870, 1 CA–CR 89–871.**

Court of Appeals of Arizona,
Division 1, Department B.

Oct. 23, 1990.

Robert K. Corbin, Atty. Gen. by Jessica G. Funkhouser, Chief Counsel, Crim. Div., and Rae Lynne Chornenky, Marty Woelfle, Asst. Attys. Gen., Phoenix, for appellant.

Donald I. Bierman, Ira N. Loewy, Miami, Fla., and E. Reid Southern, Phoenix, for appellees.

OPINION

LANKFORD, Judge.

This is a consolidated appeal in which the state challenges the superior court's dismissal of indictments against defendants-appellees Henry Angelo, Jr. and Edward Angelo. The sole issue raised by this appeal is whether the defendants, as officers of the H. Angelo Company, Inc., can be held criminally liable for the corporation's failure to file transaction privilege tax returns. We conclude that they cannot, and therefore affirm the superior court's dismissal of the indictments.

I.

H. Angelo Company, Inc., was a corporation engaged in a prime contracting business in Arizona. Henry Angelo, Jr. was president of the corporation and Edward Angelo was its secretary-treasurer. The corporation allegedly failed to file transaction privilege tax returns between December 1984 and October 1988.

The state filed an indictment charging Henry Angelo, Jr. and Edward Angelo personally with eight counts each of failing to file transaction privilege tax returns. Three counts of failure to file allegedly occurred prior to July 1, 1986. Therefore, appellees were charged with class six felony violations of former A.R.S. § 42–1332 (the "old code").[1] Because the other five counts allegedly occurred after July 1, 1986, appellees were charged with class five felony violations of § 42–137(B)(1) and (4) in the current revised code.[2]

Appellees filed a motion to dismiss the indictments. Appellees argued that neither the former nor the current statutes obligate an officer of a taxpayer corporation to file the corporation's transaction privilege tax returns. Appellees argued that because they were not personally obligated by statute to file such returns, they could not be held criminally liable for the corporation's failure to file.

The state claimed that the officers of a closely held corporation are required to file the corporation's transaction privilege tax returns, and therefore are criminally liable for the failure to file the returns.

The superior court granted the motion to dismiss. The court determined that the applicable statutes do not impose a duty on the officers of a corporation to file a transaction privilege tax return on behalf of the corporation. Therefore, the court held that as a matter of law a corporate officer can-

1. The "old code," former § 42–1332(A) provided:
   It is unlawful for any person to knowingly:
   1. Fail or refuse to make any return required by this article....
   4. Make or cause to be made a false or fraudulent return or intentionally fail or refuse to make any return required by this article.

Amended by Laws 1985, ch. 366, § 66.

2. A.R.S. § 42–137(B) provides:
   It is a class 5 felony to:
   1. Knowingly fail to pay any tax administered pursuant to this article due or believed due by the taxpayer with intent to evade the tax....
   4. Knowingly fail to file a return ...

not be prosecuted for the corporation's failure to file a return. The state timely appealed the order dismissing the indictments.

## II.

■ Statutory language determines a corporate officer's criminal liability for the corporation's failure to file a return or to pay taxes. *See Keith v. Department of Treasury,* 165 Mich.App. 105, 418 N.W.2d 691 (1987). The meaning of a statute is a question of law which is reviewable *de novo* on appeal.

Arizona statutes require the "taxpayer" to file a transaction privilege tax return with the Department of Revenue. A.R.S. § 42–1322(D) (formerly A.R.S. § 42–1322(C)). The return must be "verified by the oath of the taxpayer or authorized agent." *Id.*

■ A taxpayer is "any person who is liable for any tax which is imposed by this article." A.R.S. § 42–1301(14).[3] Under prior law, the Department collected transaction privilege taxes from every "person" engaged in the business of prime contracting. A.R.S. § 42–1308(A), added by Laws 1985, ch. 298, § 16, effective August 7, 1985, repealed by Laws 1988, ch. 161, § 1, effective July 1, 1989. *See also* former A.R.S. § 42–1310(2)(i). Moreover, under the present and former code, the "person" who does not file a transaction privilege return is the party subject to criminal liability. A "person" can be either an individual or a corporation. A.R.S. § 42–1301(8).

■ In this case, the H. Angelo Company, Inc. is the taxpayer. It is the entity conducting the business of prime contracting in Arizona. The corporation is therefore the "person liable" within the contemplation of Arizona statutes. *See People v. Parvin,* 125 Ill.2d 519, 127 Ill.Dec. 731, 533

N.E.2d 813 (1988) (president and sole shareholder of a taxpayer corporation was not the "person" engaged in the business of selling, and thus could not be held criminally liable for failure to file retailer's occupation tax return). Because only the corporation is the taxpayer, only it is obligated to file a return and only it is subject to criminal liability for failure to do so.

■ The state nevertheless argues that because a transaction privilege tax return must "be verified by the oath of the taxpayer or an authorized agent," the appellees as authorized agents have an obligation to file the corporation's return. A.R.S. § 42–1322(C) (current version at A.R.S. § 42–1322(D)). We disagree.

The statute does not mandate that authorized agents file the return. Rather, the statute merely confers the power upon a corporation agent to verify a return. This authorization to verify the return cannot be equated with an obligation to file the return. The interpretation advocated by the state would lead to absurd results. For example, a corporation could authorize several individuals to verify its tax return: its officers, accountants, bookkeepers, attorneys, or other employees. By the state's logic, all of these individuals would be subject to criminal liability if the corporation were to fail to file a transaction privilege tax return.

No Arizona case has imposed a duty on corporate officers to file transaction privilege tax returns merely because they are authorized to verify the return. The state argues that *State v. Fendler,* 127 Ariz. 464, 622 P.2d 23 (App.1980), *cert. denied,* 452 U.S. 961, 101 S.Ct. 3108, 69 L.Ed.2d 971 (1981) supports imposing criminal liability upon a corporate officer for failure to file a corporate income tax return when a statute requires the officer to sign or verify a return. In *Fendler,* the relevant statute

---

**3.** Although this definition was added by Laws 1988, ch. 161, § 4, effective July 1, 1989 (as amended by Laws 1989, ch. 132, § 14, effective May 3, 1989), the prior definition of taxpayer was the same. *See* Laws 1985, ch. 350, § 17; Laws 1985, ch. 298, § 12; Laws 1985, ch. 284, § 18; Laws 1986, ch. 330, § 66. Section 42–1322 was recently amended to define "taxpay-

er," for purposes of determining who must file bi-monthly returns, to mean "the business entity under which the business reports and pays state income taxes regardless of the number of officers...." A.R.S. § 42–1322(J), added by Laws 1989, 2d S.S., ch. 1, § 2, effective February 21, 1990.

required that the corporate income tax return "be signed by the president or other principal officer and the treasurer or chief accounting officer of the taxpayer." A.R.S. § 43–307(A) (formerly A.R.S. § 43–141(b)(2)). *Fendler* interpreted this statute to impose a duty on the general manager of the corporation to file the corporation's income tax return. 127 Ariz. at 472, 622 P.2d at 31. Therefore, the defendant general manager was found criminally liable for failing to file the corporate income tax return.

The *Fendler* holding is not explained in the opinion. The court merely stated that there appeared to be no factual dispute, and that there was support in the record for a finding that the defendant was obligated to file the corporate income tax return.

We believe that *Fendler* is distinguishable. In the instant case, the central issue is whether the officers were obligated to file the transaction privilege tax returns. No statutory requirement of an officer's signature is involved here. The statute involved in *Fendler* was also addressed to a limited group of individuals, the officers of the corporation, and warned them of criminal liability for failure to file. In contrast, the statute at issue here implicates all "authorized agents" within the reach of criminal liability. Moreover, whatever support the court found in the record in *Fendler* for the general manager's obligation to file, we find lacking in the present case.

### III.

The state further argues that appellees are potentially criminally liable for the corporation's failure to file transaction privilege tax returns under A.R.S. § 13–306. This provision states:

A person is criminally liable for conduct constituting an offense which such person performs or causes to be performed in the name of or in behalf of an enterprise to the same extent as if such conduct were performed in such person's own name or behalf.

A.R.S. § 13–306.

A.R.S. § 13–306 does not create criminal liability for failure to act; it imposes personal liability for criminal conduct only for affirmative acts on behalf of a corporation. An omission to act can only be a crime if there is a duty to act imposed by law. Under title 41, appellees do not have a personal statutory duty to file the return. Thus, they cannot be charged with the omission to perform that duty, and be criminally liable for the failure to file the return under title 42. If they have no duty to file the return, their failure to act is not a crime. *See Parvin*, 125 Ill.2d at 528, 127 Ill.Dec. at 734–35, 533 N.E.2d at 816–17. Any doubt about the application of § 13–306 must be resolved in favor of appellees. Because the state is seeking criminal penalties for the alleged violations of title 42, any statutory ambiguities must be resolved in their favor. *State v. Pena*, 140 Ariz. 544, 683 P.2d 743 (1984) (adopting 140 Ariz. 545, 683 P.2d 744 (App.1983)).

The state also argues that appellees should be held responsible for the corporation's failure to file its transaction privilege tax returns because appellees are the principal officers and shareholders of the corporation. In essence, the state is arguing that the corporation is appellees' alter ego, and that the courts should "pierce the corporate veil" and impose criminal liability on appellees for the corporation's acts or failure to act.

The corporation is regarded as the taxpayer because it is a separate legal entity from its shareholders, directors, and officers. *See Malisewski v. Singer*, 123 Ariz. 195, 598 P.2d 1014 (App.1979). The courts may disregard the corporate form in civil cases only when there is a unity of interest and ownership between an individual and a corporation, and when disregarding that corporate form is necessary to prevent injustice or fraud. *Dietel v. Day*, 16 Ariz. App. 206, 492 P.2d 455 (1972). *See Modern Pioneers Insurance Co. v. Nandin*, 103 Ariz. 125, 437 P.2d 658 (1968); *Ferrarell v. Robinson*, 11 Ariz.App. 473, 465 P.2d 610 (1970).

Although disregarding such corporate form might conceivably be appro-

**28**

priate in the context of civil tax liability, due process requires that, for purposes of imposing criminal liability on an individual for a corporation's failure to file a tax return, the statutes must clearly impose the duty to file a return upon an identified individual. Due process requires that a penal statute's definitions be precise and definite. *Pierce v. United States*, 314 U.S. 306, 62 S.Ct. 237, 86 L.Ed. 226 (1941); *Lanzetta v. New Jersey*, 306 U.S. 451, 59 S.Ct. 618, 83 L.Ed. 888 (1939); *Connally v. General Construction Co.*, 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1926). Due process demands that the statute provide fair notice that engaging in the proscribed conduct risks criminal penalties. *Papachristou v. City of Jacksonville*, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972); *Franzi v. Superior Court*, 139 Ariz. 556, 679 P.2d 1043 (1984); *State v. Zack*, 138 Ariz. 266, 674 P.2d 329 (App.1983). The statute must define the offense in terms that people of average intelligence can understand. *State v. Varela*, 120 Ariz. 596, 587 P.2d 1173 (1978).

The statute simply does not have the reach to impose criminal responsibility on these corporate officers.

For the foregoing reasons we affirm the superior court's order dismissing the indictments.

JACOBSON, P.J., and CECIL B. PATTERSON, Superior Court Judge, concur.

NOTE: The Honorable Cecil B. Patterson, Maricopa County Superior Court Judge, was authorized to participate in the disposition of this matter by the Chief Justice of the Arizona Supreme Court pursuant to Ariz.Const. art. VI, § 3.