161 P.3d 1248

The ARIZONA DEPARTMENT OF
REVENUE, Plaintiff–Appellee,

v.

ACTION MARINE, INC., an Arizona cor-
poration; Melvin G. Randall and Mar-
tha Randall, husband and wife; M. Dan-
iel Randall and Lisa Randall, husband
and wife; John D. Randall and Belinda
Randall, husband and wife, Defendants–
Appellants.

No. 1 CA–TX 06–0006.

Court of Appeals of Arizona,
Division 1, Department T.

June 5, 2007.

Terry Goddard, Attorney General by
David J. Dir, Assistant Attorney General,
Phoenix, Attorneys for Plaintiff–Appellee.

Trompeter, Schiffman, Petrovits, Fried-
man & Hulse, LLP by Jack B. Schiffman,
Phoenix, Attorney for Defendants–Appel-
lants.

Weil & Weil, PLLC by John A. Weil, Lori
A. Butler, Yuma, Attorneys for Amicus Curi-
ae.

## OPINION

WEISBERG, Judge.

¶ 1 Action Marine, Inc., and Melvin
Randall, Martha Randall, M. Daniel Randall,
Lisa Randall, John D. Randall, and Belinda
Randall (collectively, "the Randalls") appeal
the tax court's grant of summary judgment
in favor of the Arizona Department of Reve-
nue ("ADOR") and the denial of their motion
for a new trial. For the reasons discussed
below, we reverse.

### FACTS AND PROCEDURAL
### BACKGROUND

¶ 2 The Randalls were the officers and
directors of Action Marine, an Arizona corpo-
ration that sold marine products at retail.
Action Marine was eventually liquidated af-
ter Chapter 7 bankruptcy proceedings in the
United States Bankruptcy Court, District of

Arizona.[1] During the bankruptcy proceedings, ADOR requested that Action Marine file returns for the amount it owed in transaction privilege taxes, which is a tax on the amount or volume of statutorily-enumerated business transactions. *See* Ariz.Rev.Stat. ("A.R.S.") § 42–5008(A) and $42–5061 (2006). Action Marine reported $51,174.53 in transaction privilege taxes but never paid that amount to ADOR before it was liquidated, even though ADOR had filed a proof of claim in the Bankruptcy Court.

¶ 3 After the bankruptcy proceedings ended, ADOR filed a collection action against both Action Marine and the Randalls for their corporation's unpaid transaction privilege taxes. *See* A.R.S. § 42–1114 (2006) (ADOR "may bring an action in the name of this state to recover the amount of any taxes, penalties and interest due and unpaid."). The Randalls responded, arguing among other things that they could not be held personally liable for Action Marine's unpaid transaction privilege taxes. *See* A.R.S. § 42–5028 (2006) (liability imposed on "persons" who fail to remit additional charges collected to cover their anticipated transaction privilege tax liability).

¶ 4 The parties filed cross-motions for summary judgment and the tax court granted summary judgment in favor of ADOR, holding that the Randalls, "as sole owners, officers and directors of the defunct corporate defendant, are responsible for payment of the subject [tax]." The Randalls unsuccessfully moved for a new trial. This appeal followed.

## STANDARD OF REVIEW

¶ 5 We review a denial of a motion for new trial following the grant of summary judgment *de novo*. *Wilderness World, Inc. v. Ariz. Dep't of Revenue*, 182 Ariz. 196, 198, 895 P.2d 108, 110 (1995). Our task is to determine whether the material facts are undisputed and whether the tax court correctly applied the substantive law to the facts. *S. Pac. Transp. Co. v. Ariz. Dep't of*

Revenue, 202 Ariz. 326, 329–30, ¶ 7, 44 P.3d 1006, 1009–10 (App.2002) (citing *Brink Elec. Constr. Co. v. Ariz. Dep't of Revenue*, 184 Ariz. 354, 358, 909 P.2d 421, 425 (App.1995)).

¶ 6 We also review questions of statutory interpretation *de novo*. *See, e.g., Walls v. Ariz. Dep't of Pub. Safety*, 170 Ariz. 591, 594, 826 P.2d 1217, 1220 (App.1991); *State v. Ramsey*, 211 Ariz. 529, 532, ¶ 5, 124 P.3d 756, 759 (App.2005). When interpreting a statute, we are required to follow and apply its plain language. *State ex rel. Romley v. Maricopa County Superior Court*, 184 Ariz. 409, 411, 909 P.2d 476, 478 (App.1995). Where, as here, the statute's plain language is unclear, we consider "factors such as the statute's context, history, subject matter, effects and consequences, spirit, and purpose." *State v. Fell*, 203 Ariz. 186, 188, ¶ 6, 52 P.3d 218, 220 (App.2002).

## DISCUSSION

¶ 7 We hold that A.R.S. section 42–5028 does not extend personal liability to those corporate officers or directors who, as part of their corporate duties, are responsible for collecting and remitting their corporation's transaction privilege taxes.[2]

¶ 8 The transaction privilege tax is "measured by the amount or volume of business transacted by persons on account of their business activities, and in the amounts to be determined by the application of rates against values, gross proceeds of sales or gross income[.]" A.R.S. § 42–5008. It has been described as "a tax directly and specifically on [the vendor] for the privilege of conducting business within the State of Arizona." *Ariz. Dep't of Revenue v. Robinson's Hardware*, 149 Ariz. 589, 593, 721 P.2d 137, 141 (App.1986).

¶ 9 Here, ADOR sued both Action Marine, the corporate vendor and taxpayer, as well as the Randalls, who were "the officers and/or directors" of the corporation. There is no Arizona statute that specifically imposes personal liability upon "corporate officers or directors" who fail to remit their corporation's

---

1. Although it has been liquidated, no party has objected to Action Marine being named as an appellant.

2. In light of this holding, we need not reach the other issues appellants present.

transaction privilege tax payments. Nevertheless, ADOR argues that the Randalls are personally liable for such taxes pursuant to A.R.S. § 42–5028, which provides the following:

A person who fails to remit any additional charge made to cover the [transaction privilege] tax or truthfully account for and pay over any such amount is, in addition to other penalties provided by law, personally liable for the total amount of the additional charge so made and not accounted for or paid over.

See *Ariz. Dep't of Revenue v. Canyoneers, Inc.,* 200 Ariz. 139, 143, ¶ 15, 23 P.3d 684, 688 (App.2001) (discussing the meaning of "additional charge").

¶ 10 The term "person" as used in the statute is defined as follows:

"Person" or "company" includes an individual, firm, partnership, joint venture, association, corporation, estate or trust, this state, any county, city, town, district, other than a school district, or other political subdivision and any other group or combination acting as a unit, and the plural as well as the singular number.

A.R.S. § 42–5001(8) (2006). The issue before us is whether "person," as defined in A.R.S. § 42–5001(8) and used in A.R.S. § 42–5028, includes a corporation's officers or directors.

¶ 11 The tax court concluded that these statutes imposed liability upon the Randalls as the "owners, officers, and/or directors" of Action Marine. On appeal, the Randalls argue that A.R.S. § 42–5001(8) "does not extend the definition of person to include an officer, director or shareholder of a corporation." ADOR responds that the term "person" includes those corporate officers and directors whose corporate responsibilities include collecting and remitting their corporation's transaction privilege taxes.

¶ 12 This issue was recently addressed in an Arizona bankruptcy court opinion, *In re Inselman,* 334 B.R. 267 (D.Ariz.2005), which involved ADOR's attempt to hold the manager of a limited liability company personally liable for his company's transaction privilege taxes. The manager's duties included the

transmittal of such taxes. *Id.* at 268. In determining whether A.R.S. § 42–5028 therefore imposed liability upon the manager for unpaid transaction privilege taxes, the court commented that the definition of "person" in A.R.S. § 42–5001(8), was "not very helpful." *Id.* at 269 n. 7. Noting that A.R.S. § 42–5028 failed to set forth which "persons" are personally liable for such unpaid taxes, the *Inselman* court relied upon this court's ruling in *State v. Angelo,* 166 Ariz. 24, 800 P.2d 11 (App.1990), and concluded that the manager was not liable. *Id.* at 270–71.

¶ 13 In *Angelo,* we analyzed a statute that imposed criminal liability upon "any person who is liable for any tax which is imposed by this article." 166 Ariz. at 26, 800 P.2d at 13. We concluded that corporate officers did not have the *duty* to file their corporation's transaction privilege tax returns merely because they were *authorized* to verify such returns. *Id.* Consequently, those designated corporate agents could not be subject to criminal liability for the corporation's failure to file. *Id.* at 27, 800 P.2d at 14.

¶ 14 According to the *Inselman* court, *Angelo* stands for the proposition that "a tax statute that imposes a liability for failing to do something applies only to those persons on whom another statute imposes an affirmative obligation to act." 334 B.R. at 270. Because the *duty* to act had not been placed on any corporate agent, the *Inselman* court concluded that "A.R.S. § 42–5028 imposes liability only upon the merchant/taxpayer who engages in the transactions that give rise to the tax, and not upon the officers, employees or agents of such a separate business entity." *Id.* at 271.

¶ 15 We agree with the reasoning of the *Inselman* court. *Cf. E. Vanguard Forex, Ltd. v. Ariz. Corp. Comm'n,* 206 Ariz. 399, 410, 79 P.3d 86, 97 (App.2003) ("we may look to federal court decisions for interpretive guidance" in areas such as state securities law). Although ADOR argues that *Angelo* is distinguishable from the instant case because it may have been influenced by the rule of lenity applicable in criminal law,[3] the

---

3. *See, e.g., State v. Barnett,* 209 Ariz. 352, 355,

¶ 16, 101 P.3d 646, 649 (App.2004) ("The rule of

construction principles that apply to civil tax statutes in Arizona are similarly weighted in favor of the taxpayer. For example, in construing tax statutes, we must be careful "to gain their fair meaning, but not to gather new objects of taxation by strained construction or implication." *Qwest Dex, Inc. v. Ariz. Dep't of Revenue,* 210 Ariz. 223, 225, ¶ 9, 109 P.3d 118, 120 (App.2005) (citing *Ariz. State Tax Comm'n v. Staggs Realty Corp.,* 85 Ariz. 294, 297, 337 P.2d 281, 283 (1959)). Also, we interpret tax statutes strictly against the state and resolve all ambiguities in the taxpayer's favor. *See Wilderness World Inc.,* 182 Ariz. at 199, 895 P.2d at 111.

¶ 16 In applying such principles to a similar set of facts, we recently declined to hold that a "person" under A.R.S. § 42–5001(8) included an "assignee," because assignees were not specifically listed in A.R.S. § 42–5001(8). *See DaimlerChrysler Serv. N. Am., L.L.C. v. Ariz. Dep't of Revenue,* 210 Ariz. 297, 305 n. 9, ¶ 31, 110 P.3d 1031, 1039 (App. 2005). Here, too, we conclude that there is no basis to hold that the term "person" as used in A.R.S. § 42–5028 encompasses a corporate officer or director, because such office holders were not listed in A.R.S. § 42–5001(8), and because there is no Arizona statute that places an affirmative obligation on such individuals to pay a corporation's transaction privilege taxes.[4]

¶ 17 The legislative history of A.R.S. § 42–5028 supports our conclusion. When our Legislature enacted A.R.S. § 42–5028 in 1980, partners could be held personally liable for a partnership's tax debts under A.R.S. § 42–5013(A) (2006) (formerly A.R.S. § 42–1320), but absent a showing to pierce the corporate veil, corporate officers and directors could not be held personally liable for corporate tax debts.[5] *See, e. g., Deutsche Credit Corp. v. Case Power & Equip. Co.,* 179 Ariz. 155, 160–61, 876 P.2d 1190, 1195–96 (App.1994) (noting factors that support piercing the corporate veil); *Day,* 16 Ariz.App. at 208, 492 P.2d at 457 ("a legitimate purpose of incorporation is to avoid personal liability and if the corporate fiction is too easily ignored and personal liability imposed, then incorporation is discouraged").

¶ 18 The legislative record reflects no intent to expand ADOR's enforcement with respect to those who could be held personally liable for unpaid corporate taxes. Instead, it reflects the intent to leave the scope of liability for corporate taxes unchanged. For example, during a meeting of the House Ways and Means Committee, Jack Ranby of the Arizona Attorney General's Office testified that ADOR's power would be no greater under the new statute, as its purpose was merely "bureaucratic," designed to establish a single set of procedures and forms. Minutes of the H. Comm. On Ways and Means, 34th Leg., 2d Reg. Sess. (Ariz. March 25, 1980) (statement of Jack Ranby). In the same vein, Steven Pitts of ADOR testified that the proposed statute was needed merely to create uniformity in tax collection procedures. *Id.* (statement of Steven Pitts). No expansion in the scope of liability was mentioned. Such representations reflect that the Legislature did not intend that A.R.S. § 42–5028 would add a new class to those persons liable for unpaid transaction privilege taxes.

¶ 19 Nonetheless, ADOR points out that many other states have held corporate officers liable for their corporation's unpaid taxes. *See* Marvin K. Kirsner et al., *Officers' and Directors' Nightmare: Being Held Personally Liable for Debtor Company's Unpaid*

___

lenity requires that, when we analyze and construe penal statutes susceptible to different interpretations, we resolve all doubts in the defendant's favor.").

4. When the Arizona Legislature intends to include a natural person within the definition of "individual," it does so expressly. One example is A.R.S. § 43–104 (2006), which provides:

(12) "Individual" means natural person.

. . . .

(18) "Person" includes individuals, fiduciaries, partnerships and corporations.

5. A corporation's status as a legal entity separate from its owners and directors is presumed, and we will disregard the separate legal status of a corporation, and "pierce the corporate veil," only if there is sufficient evidence that 1) the corporation is the "alter ego or business conduit of a person," *Dietel v. Day,* 16 Ariz.App. 206, 208, 492 P.2d 455, 457 (1972); and 2) disregarding the corporation's separate legal status is "necessary to prevent injustice or fraud." *Angelo,* 166 Ariz. at 27, 800 P.2d at 14.

*Taxes*, 226 N.Y.L.J. at 7 (2001). While this is true, unlike Arizona, almost all such jurisdictions have statutes that specifically subject corporate officers to personal liability for failing to remit collected corporate taxes.[6] Only the Delaware Supreme Court has concluded that the term "individual" was broad enough to impose liability on a corporate officer even without a controlling statute providing for such liability. *T.V. Spano Bldg. Corp. v. Dep't of Natural Res. and Envtl. Control*, 628 A.2d 53, 60–61 (Del.1993). However, we have explicitly rejected such logic in *DaimlerChrysler* in concluding that transaction privilege tax liability does not extend to assignees, 210 Ariz. at 305 n. 9, ¶ 31, 110 P.3d at 1039, and will not adopt it here.

¶ 20 Federal precedent also differs from Arizona law because of a federal tax statute, 26 U.S.C. § 6671(b) (1998), which specifies that a "person" liable for unpaid taxes "includes an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs." Thus, cases interpreting the federal statutes are inapposite. *See, e.g., Purcell v. United States*, 1 F.3d 932, 936–37 (9th Cir.1993) (holding that an individual may be responsible if he had authority to exercise significant control over the corporation's financial affairs regardless of whether he actually ex-

ercised such control); *cf. Inselman*, 334 B.R. at 271.

¶ 21 For these reasons, we hold that A.R.S. § 42–5028 does not extend personal liability for unpaid corporate transaction privilege taxes to those corporate officers or directors whose corporate duties include remitting such taxes to ADOR. *See Deutsche Credit Corp.*, 179 Ariz. at 160–61, 876 P.2d at 1195–96 (discussing piercing the corporate veil). Accordingly, the trial court erred in granting summary judgment against the Randalls based on its finding that they qualified as "persons" under A.R.S. § 42–5028.[7]

## CONCLUSION

¶ 22 For the reasons discussed above, we reverse the tax court's grant of summary judgment to ADOR and remand for further proceedings consistent with this decision. In addition, we award the Randalls costs and attorneys' fees incurred on appeal in accordance with A.R.S. §§ 12–331, 12–341 (2003) and 12–348(B) (2003), subject to their compliance with Arizona Rule of Civil Appellate Procedure 21(c).

CONCURRING: PHILIP HALL, Presiding Judge and DIANE M. JOHNSEN, Judge.

6. *See, e.g.*, Cal. Rev. Tax Code § 6829(a) (imposing personal liability on "any officer, member, manager, partner, or other person having control or supervision of who is charged with the responsibility of filing the returns or paying the tax"); Conn. Gen.Stat. § 12–414a (extending personal liability for willful nonpayment of tax to any officer or employee of a corporation under a duty to file a tax return on behalf of a retailer or to collect or truthfully account for and pay the tax); Ga.Code Ann. § 48–2–52(a) (personal liability extends to a corporation's officer or employee who has control or supervision of collecting from purchasers or others taxes required or of paying over or accounting for them); 35 Ill. Comp. Stat. Ann. § 735/3–7(a) (imposing a personal liability penalty on a taxpayer's officer or employee who has control, supervision, or responsibility for filing returns or making payments); Mo.Rev.Stat. § 144.157(3) (providing for personal assessment of any officers, directors, or statutory trustees of a corporation who have direct control, supervi-

sion, or responsibility for filing returns or making tax payments); N.Y. Tax Law § 1133(a), 1131 (imposing personal liability on any officer, director, or employee of a corporation under a duty to act for the corporation); Ohio Rev.Code Ann. § 5739.33 (providing that any employee having control or supervision of or charged with filing returns and making payments, as well as any of the corporation's officers, members, managers, or trustees responsible for executing the corporation's fiscal responsibilities, may be personally liable); Wis. Stat. § 77.60(9) (defining a person subject to personal liability for failing to account for, collect or pay tax as an officer, employee or other responsible person under a duty to perform the act in respect to which the violation occurs).

7. Of course, our ruling does not limit the ability of ADOR to collect such taxes, when appropriate, by piercing the corporate veil.