NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

STEVEN T. BAGDONAS, *Appellant.*

No. 1 CA-CR 13-0826
FILED 11-10-2014

Appeal from the Superior Court in Maricopa County
No.  LC2011-164446-001, LC2011-164447-001, LC2011-164448-001,
LC2011-164449-001
The Honorable Crane McClennen, Judge

**AFFIRMED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Lisa Marie Martin
*Counsel for Appellee*

Baker & Baker, Phoenix
By Thomas M. Baker
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Andrew W. Gould joined.

---

**T H U M M A**, Judge:

**¶1**   In this appeal arising out of justice court matters, Steve Tom Bagdonas challenges the superior court's conclusion that Arizona Revised Statutes (A.R.S.) section 44-1627(G) (2014)[1] allows the State to file misdemeanor criminal charges against an agent based on a corporate pawnbroker's failure to comply with retention and reporting requirements. Recognizing this court's jurisdiction is limited to addressing the facial validity of A.R.S. § 44-1627(G), because Bagdonas has not shown the statute is facially invalid, the superior court's order is affirmed.

### FACTS AND PROCEDURAL HISTORY

**¶2**   Bagdonas is the agent of licensee pawnbroker National Lending Group LLC, doing business as Pawns Plus V (NLG). The State alleges Bagdonas owns 91 percent of NLG and is the only person whose name is associated with NLG on the application for the pawnbroker license.

**¶3**   In September 2011, Maricopa County Sheriff's deputies conducted a routine inspection of NLG, observed violations of statutes governing pawnbrokers and issued Bagdonas a pawnshop compliance checklist, which stated that further violations would be subject to investigation and penalties.

**¶4**   In December 2011, deputies conducted another routine inspection of NLG and, again, observed violations of statutes governing pawnbrokers. As a result, the State cited Bagdonas with various misdemeanor pawn transaction violations under A.R.S. § 44-1624(F) and A.R.S. § 44-1625(A) and (C)(5). Although conceding that NLG holds the pawnbroker license, the State argues that Bagdonas is liable as NLG's agent under A.R.S. § 44-1627(G), which provides that "[t]he agent is subject to the penalties prescribed for any violation of law relating to pawnbrokers."

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

**¶5**         In justice court, Bagdonas moved to dismiss the charges. Although stipulating he was NLG's agent, Bagdonas argued that only NLG, as the corporate licensee pawnbroker, could be charged for the subject offenses; the State could not, however, charge him personally. The justice court granted Bagdonas' motion and the State timely appealed to the superior court. Interpreting A.R.S. § 44-1627(G) as allowing the State to bring criminal charges against the agent of a corporate licensee pawnbroker, the superior court vacated the justice court's order.

**¶6**         Bagdonas then sought special action relief with this court and timely filed this appeal. Although previously declining special action jurisdiction, this court has jurisdiction over Bagdonas' appeal pursuant to A.R.S. § 22-375.

## DISCUSSION

**¶7**         Because this appeal arises out of justice court matters, this court lacks jurisdiction to consider Bagdonas' "challenge insofar as it is a challenge to [the] application of the statute." *State v. Lindner*, 227 Ariz. 69, 70 ¶3, 252 P.3d 1033, 1034 (App. 2010). Instead, appellate jurisdiction "is limited to determining the facial validity of" A.R.S. § 44-1627(G). *Id.* at 70 ¶2, 252 P.3d at 1034. This court reviews de novo the constitutionality of a statute and the party asserting a statute is unconstitutional must overcome a presumption of constitutionality. *State v. Russo*, 219 Ariz. 223, 225 ¶ 4, 196 P.3d 826, 828 (App. 2008).

**¶8**         "[P]awnshops exist in a heavily regulated environment." *Jachimek v. State*, 205 Ariz. 632, 637 ¶ 19, 74 P.3d 944, 949 (App. 2003); *see also* A.R.S. §§ 44-1621 to -1632. A corporation may be a pawnbroker, provided that the corporation "own[s] the entire equitable interest in its license through an agent if the agent is otherwise qualified to hold a pawnbroker license." A.R.S. § 44-1627(G). The agent must independently meet the licensing qualifications and the corporation's license is contingent on the agent's qualifications. *See id.* In addition, the statute provides that "[t]he agent is subject to the penalties prescribed for any violation of law relating to pawnbrokers." *Id.*

**¶9**         Here, Bagdonas argues that the "subject to the penalties" language in A.R.S. § 44-1627(G) does not comport with due process notice requirements. Bagdonas also contends that the subject language only requires the agent to pay monetary penalties if the corporation is convicted and fails to pay its fines.

¶10       Due process requires that a penal statute's definitions be sufficiently precise and definite so that the statute provides "fair notice that engaging in the proscribed conduct risks criminal penalties." *See State v. Angelo*, 166 Ariz. 24, 28, 800 P.2d 11, 15 (App. 1990) (citing cases). "'A legislative enactment is unconstitutionally vague if it does not give persons of ordinary intelligence a reasonable opportunity to learn what it prohibits and does not provide explicit standards for those who will apply it.'" *State v. McLamb*, 188 Ariz. 1, 5, 932 P.2d 266, 270 (App. 1996) (citing cases).

¶11       For an agent of a licensed corporate pawnbroker, A.R.S. § 44-1627(G) expressly provides notice that "[t]he agent is subject to the penalties prescribed for any violation of law relating to pawnbrokers." A.R.S. § 44-1627(G). Bagdonas has failed to show that, in enacting this express provision, the Legislature in fact did not mean to hold an agent criminally liable if the licensee corporation failed to follow the pawnbroker statutes, especially considering the requirement that the agent independently meet the qualifications of a pawnbroker. *See id.* Entities such as corporations act through their agents. *Braswell v. United States*, 487 U.S. 99, 110 (1988); *see also State v. Far W. Water & Sewer, Inc.*, 224 Ariz. 173, 195 ¶ 77, 228 P.3d 909, 931 (App. 2010). The explicit language of A.R.S. § 44-1627(G) clearly gives notice that an agent of a corporate pawnbroker may be held personally liable for violating the pawnbroker statutes.

¶12       Although Bagdonas cites *Angelo* for the proposition that, as an agent of NLG, he cannot be held responsible for NLG's violations of the pawnbroker statutes, the statutory scheme in *Angelo* only imposed duties on the corporate taxpayer, not its agent. 166 Ariz. at 26, 800 P.2d at 13. Here, by contrast, the statute expressly and specifically subjects the agent to "the penalties prescribed for *any* violation of law relating to pawnbrokers." A.R.S. § 44-1627(G) (emphasis added).

¶13       Bagdonas argues that application of A.R.S. § 44-1627(G) means he can be found to have committed a misdemeanor without a culpable mental state. The statutes applicable here do not require a culpable mental state for a misdemeanor violation. *See* A.R.S. § 44-1631(B) (applying to A.R.S. §§ 44-1624 and -1625). That does not, however, mean that A.R.S. § 44-1627(G) is facially invalid. "Although strict liability criminal offenses are disfavored, they are appropriate for regulatory offenses that result in no direct or immediate injury to person or property, carry relatively small penalties, and do not seriously damage the reputation of those convicted of them." *State v. Slayton*, 214 Ariz. 511, 516 ¶ 20, 154 P.3d 1057, 1062 (App. 2007). The potential consequences for misdemeanor violations of the pawnbroker statutes applicable here are well within the range of penalties

4

held appropriate for other strict liability crimes. *See id.* at 516 ¶ 24, 154 P.3d at 1062 (citing various cases giving appropriate ranges for strict liability offenses).

## CONCLUSION

¶14 Because Bagdonas has not shown that A.R.S. § 44-1627(G) is facially invalid, the order of the superior court is affirmed. Because Bagdonas is not the prevailing party on appeal (and because he has shown no substantive basis for an award of attorneys' fees), his requests for costs and attorneys' fees on appeal are denied.



Ruth A. Willingham · Clerk of the Court
FILED: gsh