NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STRATTON RESTORATION LLC, et al., *Third-Party Plaintiffs/Appellees*,

*v.*

BRIG BURTON, et al., *Third-Party Defendants/Appellants*.

No. 1 CA-CV 20-0455
FILED 4-28-2022

Appeal from the Superior Court in Maricopa County
No. CV2015-051357
CV2015-051698
The Honorable Andrew J. Russell, Judge

**VACATED AND REMANDED**

COUNSEL

Manolio & Firestone PLC, Scottsdale
By Veronica L. Manolio
*Counsel for Third-Party Plaintiffs/Appellees*

Mark Deatherage Law Office, Phoenix
By Mark Deatherage
*Counsel for Third-Party Defendants/Appellants*

## MEMORANDUM DECISION

Presiding Judge D. Steven Williams delivered the decision of the Court, in which Judge Jennifer B. Campbell and Judge James B. Morse Jr. joined.

**W I L L I A M S**, Judge:

**¶1**        Brig and Carly Burton (the "Burtons") appeal the superior court's award of attorney's fees and costs against them. For reasons that follow, we vacate the award and remand.

### FACTUAL AND PROCEDURAL BACKGROUND

**¶2**        In 2014, two of Brig Burton's companies, 363, LLC, d/b/a The 363 Group, and 363 Business Alliances, LLC (collectively the "363 Entities") entered into contracts to purchase Stratton Restoration, LLC. When the purchase did not materialize, the 363 Entities and Stratton Restoration, LLC, including its principals, TK and Michelle Stratton (collectively the "Strattons"), filed claims against each other in the superior court. The Strattons also filed a third-party claim against the Burtons personally. Meanwhile, the Burtons petitioned for Chapter 13 Bankruptcy protection in the U.S. Bankruptcy Court. Following notice of the Burtons' bankruptcy filing, the superior court placed this case on its dismissal calendar.

**¶3**        In 2018, while the bankruptcy was pending, the 363 Entities, the Strattons, the Burtons, and Kevin Erdmann (who was involved in unrelated litigation against the Burtons) entered into a global settlement agreement (the "Agreement"). The Burtons personally owed non-party Erdmann $35,000.00, which the Strattons agreed to pay in exchange for an end to all pending or future claims between the signatories. The Burtons signed the Agreement for themselves, and Brig Burton signed for the 363 Entities. The Strattons timely paid off the Burtons' debt to Erdmann in accordance with the terms of the Agreement.

**¶4**        No one informed the superior court of the Agreement, and in March 2019, the court dismissed the case for failure to prosecute. Several months later, the 363 Entities moved for relief from the court's dismissal claiming the excusable neglect of legal staff caused missed deadlines that could have taken the case off of the dismissal calendar. *See* Ariz. R. Civ. P. 60(b)(1). The motion did not mention the Agreement and asserted that the

Strattons would not be prejudiced by reinstatement. Over the Strattons' objection, the court vacated its dismissal order and reinstated the case.

¶5        The Strattons then moved to enforce the Agreement, dismiss the matter, and requested their attorney's fees and costs under the terms of the Agreement and A.R.S. §§ 12-341, -341.01, and -349. After briefing, the court entered judgment in favor of the Strattons. The 363 Entities did not contest the amount of fees or costs sought and did not object to entry of an award under the Agreement or A.R.S. § 12-341.01. The 363 Entities did, however, object to any fee award under A.R.S. § 12-349. The court awarded the Strattons $11,472.63 in fees under both A.R.S. § 12-341.01 and under the terms of the Agreement, as well as $50.63 in costs.

¶6        The Strattons lodged a proposed form of judgment obligating not just the 363 Entities for the attorney's fees and costs, but also the Burtons personally. Once the court endorsed the judgment, the Burtons appealed to this court. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. § 12-120.21.

## DISCUSSION

¶7        The Burtons argue the superior court erred by awarding fees and costs against them because they were: (1) not parties to the underlying business dispute, (2) not named in the fee application, and (3) not named in the minute entry ruling granting the fee award. First, the record makes clear the Burtons became a party when the Strattons sued them personally in their counterclaim. Second, though the fee application requested that fees "be imposed against both Plaintiffs" (meaning both 363 Entities) and their counsel, the Strattons' original request for fees and costs also named "the Burtons and counsel." Third, while the court's minute entry does not specify the Burtons were obligated personally for the fee and cost award, the judgment clearly does.

¶8        We review an award of attorney's fees and costs for an abuse of discretion. *Maleki v. Desert Palms Prof'l Props., L.L.C.*, 222 Ariz. 327, 333-34, ¶ 32 (App. 2009). "However, we review questions of law, including the superior court's authority to award attorney's fees and contract interpretation, de novo." *Bennett Blum, M.D., Inc. v. Cowan*, 235 Ariz. 204, 205, ¶ 5 (App. 2014).

¶9        The 363 Entities breached the Agreement when they moved to reinstate the superior court matter with "no credible evidence that the Strattons ha[d] failed to fully comply with the . . . Agreement." As a result, the Strattons incurred attorney's fees. Section 12-341.01 *authorized* the court

to award the Strattons their reasonable attorney's fees incurred enforcing the Agreement, and the express terms of the Agreement *required* it. But the compulsory attorney's fee award was only authorized against "the non-prevailing party or parties." The non-prevailing parties were the 363 Entities.

**¶10**         Although Brig Burton is a principal of both 363 Entities, the Burtons, in their capacity as third-party defendants, did not file any pleadings in the superior court causing the Strattons to incur additional attorney's fees and costs to enforce the Agreement. Our task, therefore, is to determine whether the superior court erred in obligating the Burtons personally for the Strattons' fee and cost award.

**¶11**         Generally, a member of an LLC is "not personally liable, directly or indirectly, . . . for a debt, obligation or other liability of the company . . . solely by reason of being or acting as a member or manager." A.R.S. § 29-3304(A). Accordingly, "the personal assets of a corporate officer may not normally be reached to satisfy corporate liabilities." *Loiselle v. Cosas Mgmt. Grp., LLC*, 224 Ariz. 207, 214, ¶ 30 (App. 2010). However, courts will disregard the corporate entity and pierce the corporate veil "if there is sufficient evidence that 1) the corporation is the 'alter ego or business conduit of a person,' and 2) disregarding the corporation's separate legal status is 'necessary to prevent injustice or fraud.'" *Id.* (first quoting *Dietel v. Day*, 16 Ariz. App. 206, 208 (1972); and then quoting *State v. Angelo*, 166 Ariz. 24, 27 (App. 1990)).

**¶12**         The record does not reflect that the superior court weighed evidence as required by *Loiselle*. Neither the superior court's minute entry, nor its judgment, address whether the court contemplated or intended to pierce the corporate veil. Because we cannot discern from the record whether the court intended to do so, we vacate the award of attorney's fees and costs – only so far as it obligated the Burtons personally – and remand for the superior court to make that determination.

**¶13**         Both the Burtons and the Strattons seek attorney's fees on appeal under A.R.S. § 12-341.01 and the terms of the Agreement. We decline to award either party its fees, but instead reserve that decision for the superior court on remand. *Baseline Fin. Servs. v. Madison*, 229 Ariz. 543, 546, ¶ 17 (App. 2012).

## CONCLUSION

**¶14** We vacate the court's award of attorney's fees and costs against the Burtons and remand for further proceedings consistent with this decision.



AMY M. WOOD • Clerk of the Court
FILED:    AA