SUPREME COURT OF ARIZONA
En Banc

| | |
|---|---|
| THE ARIZONA DEPARTMENT OF REVENUE, | ) Arizona Supreme Court<br>) No.  CV-07-0288-PR<br>) |
| Plaintiff-Appellee, | ) Court of Appeals<br>) Division One |
| v. | ) No.  1 CA-TX 06-0006<br>) |
| ACTION MARINE, INC., an Arizona corporation; MELVIN G. RANDALL and MARTHA RANDALL, husband and wife; M. DANIEL RANDALL and LISA RANDALL, husband and wife; JOHN D. RANDALL and BELINDA RANDALL, husband and wife, | ) Arizona Tax Court<br>) No.  TX2004-000656<br>)<br>)<br>)<br>) **O P I N I O N**<br>)<br>) |
| Defendants-Appellants. | )<br>) |

Appeal from the Arizona Tax Court
The Honorable Mark W. Armstrong, Judge (Retired)

**VACATED AND REMANDED**

_____

Opinion of the Court of Appeals, Division One
215 Ariz. 584, 161 P.3d 1248 (2007)

**VACATED**

_____

TERRY GODDARD, ARIZONA ATTORNEY GENERAL                    Phoenix
     By   Anthony S. Vitagliano, Chief Counsel
          Tax, Bankruptcy & Collections Section
          Paula S. Bickett, Chief Counsel,
          Civil Appeals Section
Attorneys for Arizona Department of Revenue

TROMPETER, SCHIFFMAN, PETROVITS, FRIEDMAN,
& HULSE, L.L.P.                                            Phoenix
     By   Jack B. Schiffman
Attorneys for Action Marine Inc., Melvin G. Randall,
Martha Randall, M. Daniel Randall, Lisa Randall,
John D. Randall, and Belinda Randall

_____

**B E R C H**, Vice Chief Justice

¶1       We have been asked to decide whether a corporate officer or director may be held personally liable under Arizona Revised Statutes ("A.R.S.") section 42-5028 (2006) for failing to remit to the Arizona Department of Revenue money collected from the corporation's customers to pay transaction privilege taxes.   We hold that § 42-5028 provides for such personal liability.

## I.   FACTS AND PROCEDURAL HISTORY

¶2       Melvin, John, and Daniel Randall were shareholders and directors of Action Marine, Inc., an Arizona corporation that sold boats and other marine products.   John and Daniel were also officers of Action Marine.   In July 2002, Action Marine filed for reorganization under Chapter 11 of the Bankruptcy Code. Five months later, the bankruptcy court converted the case to one for liquidation under Chapter 7 and ordered Action Marine to file post-petition transaction privilege tax ("TPT") returns for June through November 2002.

¶3       The returns showed that during that period, Action Marine's gross receipts totaled $812,294.00, resulting in a TPT liability of $51,174.52.   In October 2004, the Arizona Department of Revenue ("ADOR") filed a complaint in the tax court seeking to recover unpaid TPTs, penalties, interest, and costs pursuant to A.R.S. § 42-5028.   ADOR and the Randalls each

- 2 -

moved for summary judgment. The tax court granted ADOR's motion, holding the Randalls personally liable for unpaid TPTs, penalties, interest, and costs.

¶4 The court of appeals reversed, reasoning that corporate officers cannot be personally liable because such officers are not listed as "persons" in A.R.S. § 42-5001(8) (2006) and no other statute imposes a duty to remit the corporation's TPTs. *Ariz. Dep't of Revenue v. Action Marine, Inc.*, 215 Ariz. 584, 587, ¶ 16, 161 P.3d 1248, 1251 (App. 2007).

¶5 We granted ADOR's petition for review because this case presents an issue of statewide importance, *see* ARCAP 23(c)(3), and ADOR has averred that resolution of this issue may affect many cases, both pending and planned. We have jurisdiction pursuant to Article 6, Section 5(3) of the Arizona Constitution and A.R.S. § 12-120.24 (2003).

## II.  DISCUSSION

¶6 "The transaction privilege tax . . . is an excise tax on the privilege or right to engage in an occupation or business in the State of Arizona." *Ariz. Dep't of Revenue v. Mountain States Tel. & Tel. Co.*, 113 Ariz. 467, 468, 556 P.2d 1129, 1130 (1976). The TPT is not a sales tax, *Ariz. State Tax Comm'n v. Garrett Corp.*, 79 Ariz. 389, 391, 291 P.2d 208, 209 (1955), but rather is a tax on the gross receipts of a person or entity engaged in business activities. A.R.S. § 42-5008 (2006).

- 3 -

**¶7** The liability for TPT falls on the taxpayer, not on the taxpayer's customers. A.R.S. § 42-5024 (2006). Taxpayers may pay the TPT themselves or charge customers a separately itemized amount to cover TPTs. *See* A.R.S. § 42-5002(A)(1) (2006). If the taxpayer chooses to impose a separate charge, it must remit all money collected to ADOR, even if it collects more than the taxpayer owes for TPTs. *Id.; Garrett*, 79 Ariz. at 392-93, 291 P.2d at 210.

**¶8** The TPT is not technically a trust tax because taxpayers are not required to collect TPT from customers or hold the money in a trust account for the state. *See* Joseph DiGiuseppe, *What Every Tax Practitioner Needs to Know About Trust Fund Taxes and Responsible Person Liability in Bankruptcy*, 17 Prac. Tax Law. 7, 8 (2002). When, however, the taxpayer elects to separately charge customers a "tax" to cover the TPT, § 42-5002(A)(1) operates to achieve a similar result by requiring that any amounts so charged be fully remitted to the state. These collected "taxes" do not belong to and are not for the use of the taxpayer. *See* DiGiuseppe, *supra*, at 10-11 (noting that trust fund taxes are not the property of the retailer and are not dischargeable in bankruptcy); Marvin A. Kirsner, Richard S. Miller & David Neier, *Officers' and Directors' Nightmare: Being Held Personally Liable for Debtor Company's Unpaid Taxes*, N.Y.L.J., Aug. 27, 2001, at 7 & n.7

- 4 -

(noting that charges for taxes should be considered the "property of the taxing authority").

## A.   Liability Under A.R.S. § 42-5028

¶9       The question before us is whether corporate officers or directors may be held personally liable if the corporation-taxpayer fails to remit to ADOR the additional amount charged to customers to cover TPT liability.   The resolution of the issue turns on A.R.S. § 42-5028, which provides as follows:

> A *person* who fails to remit any *additional charge* made to cover the [TPT] or truthfully account for and pay over any such amount is, in addition to other penalties provided by law, personally liable for the total amount of the *additional charge* so made and not accounted for or paid over.

(Emphases added.)   The parties dispute the meanings of "person" and "additional charge" as those terms are used in this statute.

¶10      We review the interpretation of statutory provisions de novo.   *State ex rel. Ariz. Dep't of Revenue v. Capitol Castings, Inc.*, 207 Ariz. 445, 447, ¶ 9, 88 P.3d 159, 161 (2004).   Our primary goal is to "discern and give effect to legislative intent."   *Id.* (quoting *People's Choice TV Corp. v. City of Tucson*, 202 Ariz. 401, 403, ¶ 7, 46 P.3d 412, 414 (2002)).   "We 'construe the statute as a whole, and consider its context, language, subject matter, historical background, effects and consequences, [and] its spirit and purpose.'"   *Id.* (quoting *People's Choice*, 202 Ariz. at 403, ¶ 7, 46 P.3d at

- 5 -

414).   We construe related statutes together, *State ex rel. Larson v. Farley*, 106 Ariz. 119, 122, 471 P.2d 731, 734 (1970), and avoid interpretations that render statutory provisions meaningless, unnecessary, or duplicative, *see, e.g.*, *Kriz v. Buckeye Petroleum Co.*, 145 Ariz. 374, 379, 701 P.2d 1182, 1187 (1985).

   1.   Meaning of "Person" in A.R.S. § 42-5028

¶11      The TPT statutory scheme defines both "person" and "taxpayer."   Unless the context otherwise requires, the term "person" "includes an individual . . . [or] corporation," A.R.S. § 42-5001(8), and "taxpayer" "means any person who is liable for any tax which is imposed by this article," *id.* § 42-5001(18). ADOR maintains that the legislature intended "person" in § 42-5028 to include corporate officers or directors as well as the taxpayer, while the Randalls assert that "person" means only the taxpayer-entity.

¶12      For several reasons, we agree with ADOR.  As a textual matter, although the statutory definition of "person" does not explicitly include corporate officers or directors, the definition is certainly broad enough to encompass the individuals who hold such offices.   Moreover, had the legislature meant to limit liability under § 42-5028 to the taxpayer-entity, as the Randalls and court of appeals maintain, it likely would not have said "person," but would have used the

- 6 -

term "taxpayer," as it did, for example, in A.R.S. § 42-5024, a related TPT statute.[1]

¶13     Several aspects of the statutory scheme also suggest that, by using the term "person" in § 42-5028, the legislature meant to include persons in addition to the taxpayer.  Even before the legislature enacted § 42-5028, other statutes already made TPT the "personal debt of the taxpayer," A.R.S. § 42-5024, and required taxpayers "who impose[d] an added charge to cover the [TPT]" to remit to ADOR all of "the amount so collected," A.R.S. § 42-5002(A)(1).

¶14     For at least twenty-five years before § 42-5028 was enacted in 1980, these two statutes, §§ 42-5002(A)(1) and 42-5024, worked in tandem to obligate the *taxpayer* to pay TPT, interest, and penalties, and to remit to ADOR all amounts collected from customers to cover TPT liability.  *See* 1935 Ariz. Sess. Laws, ch. 77, § 18(b) (Reg. Sess.) (enacting the current substantive version of A.R.S. § 42-5024); 1954 Ariz. Sess. Laws, ch. 136, § 1 (2d Reg. Sess.) (enacting the current substantive version of A.R.S. § 42-5002(A)(1)); 1980 Ariz. Sess. Laws, ch. 220, § 8 (2d Reg. Sess.) (enacting the current version of A.R.S. § 42-5028).  Therefore, reading the word "person" in § 42-5028 to mean only "taxpayer" would duplicate liability already

---

[1]     The legislative history for A.R.S. § 42-1336, the original section number for A.R.S. § 42-5028, provides little guidance on the meaning of the word "person."

imposed on the taxpayer by §§ 42-5002(A)(1) and 42-5024. We generally construe statutes to avoid rendering provisions duplicative. *See City of Tucson v. Clear Channel Outdoor, Inc.*, 209 Ariz. 544, 552, ¶ 31, 105 P.3d 1163, 1171 (2005). Because taxpayers were already liable for TPT, interest, and penalties before 1980, the legislature must have intended to impose some different or additional obligation when it enacted § 42-5028.

¶15    The legislature's enactment of A.R.S. § 43-435 (2006) in the same bill in which it enacted § 42-5028 also suggests that the legislature intended "person" to include others in addition to the "taxpayer." 1980 Ariz. Sess. Laws, ch. 220, § 18 (2d Reg. Sess.). Section 43-435 imposes personal liability on persons required to withhold income tax who fail to collect or remit the taxes:

> Any person required to collect, truthfully account for and pay over any [withholding] tax imposed by this title who fails to do so is, in addition to other penalties provided by law, personally liable for the total amount of the tax not collected or accounted for and paid over.

A.R.S. § 43-435.

¶16    Before § 43-435 was enacted in 1980, two sections of the 1978 income tax code made the employer responsible for remitting to ADOR withholding taxes "required to be deducted and withheld," *see* A.R.S. §§ 43-414, -415 (2006), just as §§ 42-5008 and 42-5024 did for TPTs. The enactment of § 43-435 extended

- 8 -

liability beyond the employer; it made any "person required to collect, . . . account for and pay over" income taxes to ADOR personally liable. The concurrent enactment of §§ 42-5028 and 43-435 indicates that the legislature similarly intended the word "person" in § 42-5028 to extend personal liability to persons other than the taxpayer.[2]

¶17    Moreover, interpreting "person" to include corporate officers or directors assuages concerns that such persons might abuse the privilege of limited liability protection by collecting money from customers under the guise of a state-imposed tax, using such monies for other purposes, forcing the taxpayer into bankruptcy, and later claiming limited liability protection. *Cf. Garrett*, 79 Ariz. at 392-93, 291 P.2d at 210 (noting legislature's intent to preclude taxpayers from profiting by collecting money under the guise of a tax). It also encourages those charged with remitting separately collected TPT funds to remit them promptly to ADOR.

¶18    Finally, we note that of the states that have a sales, transaction privilege, or similar tax, a supermajority statutorily imposes personal liability on corporate officers.[3]

---

[2]    ADOR has been pursuing withheld taxes from corporate officers and directors under this interpretation of § 43-435.

[3]    *E.g.*, Ark. Code Ann. § 26-18-501 (1997); Cal. Rev. & Tax. Code § 6829(a) (1998); Colo. Rev. Stat. § 39-21-116.5 (2007); Conn. Gen. Stat. § 12-414a (2000); Del. Code Ann. tit. 30,

While including corporate officers within the definition of "person" in § 42-5001(8) would have unmistakably established our legislature's intent and forestalled this lawsuit,[4] we conclude that by enacting § 42-5028, the legislature meant to bring Arizona within the national trend of imposing personal liability on those individuals who fail to remit such taxes.

¶19      Nonetheless, the Randalls argue and the court of appeals held that "person" does not include corporate officers or directors because no statute imposes a duty on them to remit TPTs. *See Action Marine*, 215 Ariz. at 587, ¶ 16, 161 P.3d at 1251. As support for this position, the court of appeals relied

---

§ 535(e) (1997); Fla. Stat. § 213.29 (2005); Ga. Code Ann. § 48-2-52 (1999); Idaho Code Ann. § 63-3627 (2007); 35 Ill. Comp. Stat. 735/3-7(a) (1996); Ind. Code § 6-2.5-9-3 (2003); Iowa Code § 421.26 (2006); Kan. Stat. Ann. § 79-3643 (1997); Ky. Rev. Stat. Ann. § 139.185 (2006); Me. Rev. Stat. Ann. tit. 36, § 177 (1990); Md. Code Ann., Tax-Gen. § 11-601(d) (2004); 830 Mass. Code Regs. 62C.31A.1 (2008); Mich. Comp. Laws § 205.27a(5) (2001); Minn. Stat. § 270C.56 (2007); Miss. Code Ann. § 27-65-55 (2005); Mo. Rev. Stat. § 144.157 (2006); Mont. Code Ann. § 15-68-811 (2007); Nev. Rev. Stat. § 360.297 (2007); N.J. Stat. Ann. §§ 54:32B-2(w) & 54:32B-14(a) (2002); N.Y. Tax Law § 1133 (2004); N.D. Cent. Code § 57-39.2-15.2 (2005); Ohio Rev. Code Ann. § 5739.33 (2007); Okla. Stat. tit. 68, § 1361(A) (2001); 72 Pa. Cons. Stat. §§ 7201(e) & 7237(b) (2000); R.I. Gen. Laws § 44-19-35 (2005); S.D. Codified Laws § 10-45-55 (2004); Vt. Stat. Ann. tit. 32, § 9703(a) (2001); W. Va. Code § 11-15-17 (2005); Wis. Stat. § 77.60(9) (2004).

[4]      Some states impose liability on officers directly, *e.g.*, Ga. Code Ann. § 48-2-52, while others impose liability on "any officer, member, manager, partner, or other person," Cal. Rev. & Tax. Code § 6829(a). In addition, some states impose liability on persons, but define "person" to expressly include officers. *E.g.*, Wis. Stat. § 77.60(9).

on *State v. Angelo*, 166 Ariz. 24, 800 P.2d 11 (App. 1990), and *In re Inselman*, 334 B.R. 267 (Bankr. D. Ariz. 2005).

¶20    In *Angelo*, the court of appeals addressed whether corporate officers could be held criminally liable for failing to file a corporation's TPT returns.  166 Ariz. at 25, 800 P.2d at 12.  The court declined to impose criminal liability because no statute imposed a duty on corporate officers to file such returns.  *Id.* at 27-28, 800 P.2d at 14-15.  The court recognized, however, that "disregarding [the] corporate form might conceivably be appropriate in the context of civil tax liability."  *Id.*  In *Inselman*, the bankruptcy court denied ADOR's claim against a debtor who was the managing member of a limited liability company that failed to pay its TPTs.  334 B.R. at 268, 271.  Relying on the reasoning in *Angelo*, the bankruptcy judge found no personal liability because the TPT statutory scheme does not impose a statutory duty on anyone other than the taxpayer to pay the company's TPT.  *Id.* at 270-71.

¶21    *Angelo* decided whether criminal liability could be imposed for failure to file returns, an issue not before us, and we decline to follow *Inselman.*  For purposes of imposing personal civil liability, the issue is not whether corporate officers or directors have a statutory duty to file the corporation's tax returns or pay the taxpayer's TPT, but whether those persons who have assumed a duty to remit monies collected

- 11 -

to cover the taxpayer's TPT may be civilly liable for failing to remit them. The statutes permit corporate officers or directors to make the business decision to either pay the tax directly from the taxpayer's funds or collect it from customers under the guise of a "tax." *See Garrett*, 79 Ariz. at 392-93, 291 P.2d at 210. In the latter case, an officer or director who holds, maintains control over, or has responsibility for the money collected separately as TPT assumes a duty to remit that is not otherwise statutorily imposed. Such persons must accept both the benefits and burdens of the decision to charge separately for TPTs. The benefit of collecting the money from customers as "tax" (money in hand) must be taken with the burden (exposure to statutorily imposed personal liability for failing to remit the money so collected). A.R.S. §§ 42-5002(A)(1), -5028. Section 42-5028 applies only after corporate officers or directors elect to collect a separate TPT charge and then fail to remit the money collected. The court of appeals erred in concluding that the duty to remit must be statutorily imposed before civil liability can be enforced.

2. <u>Meaning of "Additional Charge" in A.R.S. § 42-5028</u>

¶22 Having concluded that "person" under § 42-5028 may include corporate officers or directors, we must determine the meaning of the phrase "additional charge." The Randalls argue that "additional charge" in § 42-5028 means only the amount

collected from customers that exceeds the taxpayer's TPT liability for a particular transaction. We disagree.

¶23    Section 42-5028 provides that a "person who fails to remit any **additional charge** *made to cover the [TPT]* . . . [is] personally liable for the total amount of the **additional charge** so made" and not remitted (emphases added). The term "additional charge" is defined by the text of the statute itself. The statute provides that the "additional charge" is that charge "made to cover the tax." If "additional charge" referred only to any amount that exceeds the TPT owed, as the Randalls maintain, the charge would not be "made to cover the [TPT]" because the TPT would have already been "covered." *See State Tax Comm'n v. Quebedeaux Chevrolet*, 71 Ariz. 280, 288, 226 P.2d 549, 554 (1951) (quoting with approval case recognizing that "additional charge" refers to the entire amount collected from customers).

¶24    The Randalls counter that *Arizona Department of Revenue v. Canyoneers, Inc.*, 200 Ariz. 139, 143, ¶¶ 14-15, 23 P.3d 684, 688 (App. 2001), has determined that "additional charge" means only amounts in excess of the effective TPT for a given transaction. *Canyoneers*, however, decided a different issue. The court in *Canyoneers* decided whether under A.R.S. § 42-1118(A) (2006) a taxpayer was entitled to a refund of TPT mistakenly paid to ADOR when the underlying business activity

was not subject to the TPT. *Id.* at 140-41, ¶¶ 1-4, 23 P.3d at 685-86. The court decided only that a taxpayer entitled to a refund of TPT that was never owed to ADOR was not also entitled to a refund of any amount that exceeded the effective TPT for any transaction. *Id.* at 143, ¶¶ 14-15, 23 P.3d at 688. The court sought to prevent companies from adding an extra profit to its sales under the guise of a compulsory tax. *Id.* ¶ 15 n.3. Because *Canyoneers* is not on point, its passing "see" reference to § 42-5028 provides no guidance. We conclude that the term "additional charge" in § 42-5028 means the entire amount charged to customers to cover the taxpayer's TPT liability.[5]

### 3. Response to the Dissent

**¶25** Our dissenting colleagues propose that § 42-5028 imposes an additional penalty on the taxpayer over and above the liability for the TPT, interest, and penalties imposed under § 42-5024.[6] This interpretation assumes that only the taxpayer "who 'imposes' the additional charge" under § 42-5002(A) may be

---

[5] We also reject the Randalls' argument that "added charge," as that term is used in A.R.S. § 42-5002(A)(1), means something different from "additional charge," the term used in § 42-5028. Both derive from the base verb "add" and both refer to charges to customers to cover taxes — up to and exceeding the statutory rate.

[6] No party has advanced this interpretation in this court. It presents a third potential meaning of A.R.S. § 42-5028. If the legislature intended a construction that differs from that set forth in this opinion, it is of course free to amend the statute.

- 14 -

held responsible to the state. Dissent at ¶ 37. Although this is a plausible interpretation, we simply disagree that it is the intended one.

¶26 Section 42-5002(A) requires the "person who imposes an added charge to cover the tax" to remit the money collected to ADOR. That person is likely to be the taxpayer. But § 42-5028, the section at issue, imposes liability on "a person who fails to remit any additional charge made to cover the tax." While such a person may be the taxpayer, it need not always be. It could an accountant, corporate officer, or other person charged with remitting the added charge to the taxing authority. *See* DiGiuseppe, *supra* ¶ 8, at 10 (defining responsible parties generally to be those who exercise a degree of control and influence over the finances and disbursements of a corporation).

¶27 As our dissenting colleagues acknowledge, the majority's interpretation has the "practical virtue of encouraging corporate officers and directors to be vigilant in assuring that additional charges are remitted [to ADOR] and not spent to discharge other corporate debt." Dissent at ¶ 40; *see also* Kirsner et al., *supra* ¶ 8, at 7 (noting that to protect officers and directors from such personal liability for unremitted charges, they should "have the debtor pay the taxes"); *cf. Kelly v. Lethert*, 362 F.2d 629, 635 (8th Cir. 1966) (concluding that the amount collected may be recovered only

- 15 -

once, either from the taxpayer as tax or from the responsible person as a penalty). We conclude that this is what the legislature intended.

**B. Remand**

**¶28** We conclude that "person" under § 42-5028 may include corporate officers or directors who fail to remit an "additional charge." In this case, the tax court held the Randalls personally liable for Action Marine's unpaid TPTs, penalties, interest, and costs, purportedly under the authority of A.R.S. § 42-5028. Because § 42-5028 does not provide for interest, costs, or penalties (other than the additional charge itself), it appears that the court erred by conflating the taxpayer's liability for TPT (and accompanying penalties and interest that may be assessed against the taxpayer) and the non-derivative personal liability for the "additional charge" imposable on "persons" under § 42-5028.[7] Because the record does not show whether Action Marine separately charged its customers an additional charge, we remand to determine whether it did, and if so, which of the Randalls, if any, may be liable under § 42-5028.

---

[7] ADOR's inclusion of Action Marine in its original complaint and its claim for penalties and interest indicates its intent to impose derivative liability on the Randalls. Indeed, the complaint sought the exact sum from the Randalls that it sought from Action Marine. The parties also referred to the Randalls' liability as derivative during arguments before the tax court.

- 16 -

¶29 For the remand, we note that a "person" liable under § 42-5028 must have a duty to remit the taxes. *E.g.*, *Inselman*, 334 B.R. at 271 (expressing concern about imposing liability for taxes too broadly). Other jurisdictions require the officer, director, or responsible person to have had control over, responsibility for, or supervision of the money collected to pay the tax. *E.g.*, Cal. Rev. & Tax. Code § 6829(a); 35 Ill. Comp. Stat. 735/3-7(a); Minn. Stat. § 297A.61(2)(c); Mo. Rev. Stat. § 144.157(3); Ohio Rev. Code Ann. § 5739.33; *see also* N.J. Stat. Ann. § 54:32B-2(w) (2007) (including any officer who is under a duty to act); *Purcell v. United States*, 1 F.3d 932, 937 (9th Cir. 1993) (finding that a person responsible under 26 U.S.C. § 6672 for collecting and remitting income tax withholding was one who "'had the final word as to what bills should or should not be paid' if such individual had the authority required to exercise significant control over the corporation's financial affairs, regardless of whether he exercised such control in fact"). Such tests assist in determining whether the person was responsible for remitting or had assumed a duty to remit monies collected to pay TPTs.

### III. ATTORNEYS' FEES

¶30 The Randalls requested their attorneys' fees pursuant to A.R.S. § 12-348. Because they have not prevailed, we deny the request.

- 17 -

## IV. CONCLUSION

¶31      For the foregoing reasons, we vacate the opinion of the court of appeals and the judgment of the tax court. We remand this case for further proceedings consistent with this opinion.

_____
                    Rebecca White Berch, Vice Chief Justice


CONCURRING:


_____
Ruth V. McGregor, Chief Justice


_____
Michael D. Ryan, Justice


**H U R W I T Z**, Justice, dissenting

¶32      The Court today holds that A.R.S. § 42-5028 imposes personal liability on officers and directors of a corporation that fails to remit additional charges collected from customers to cover corporate liability for the transaction privilege tax ("TPT"). This is a plausible reading of the statutory scheme and has much to commend it as a matter of public policy.

- 18 -

¶33 This interpretation, however, is not inexorably compelled by the text of the relevant statutes. Indeed, three judges of the court of appeals and an experienced Arizona bankruptcy judge have arrived at precisely the opposite conclusion. *See Ariz. Dep't of Revenue v. Action Marine, Inc.*, 215 Ariz. 584, 161 P.3d 1248 (App. 2007); *In re Inselman*, 334 B.R. 267 (Bankr. D. Ariz. 2005). The problem, as is so often the case, arises from a statutory scheme whose language is less than pellucid and whose history is at best unilluminating. Recognizing that this is a close case, I believe that the court of appeals has the better reading of the statute.

¶34 The majority correctly describes the basic legislative scheme, and I need not belabor its details here. There is no question that the taxpayer, not its customers, is responsible for paying the TPT under A.R.S. § 42-5014. Under § 42-5024, the tax "and all increases, interest and penalties thereon" become a "personal debt of the taxpayer" and may be collected by appropriate legal action under § 42-1114. By enacting § 42-5024, the legislature seemed to recognize that a taxpayer's failure to perform his statutory duty of remitting the TPT under § 42-5014 did not itself create an actionable liability to the state. Otherwise, § 42-5024 would be surplusage.

¶35 In the real world, of course, taxes imposed on businesses are passed on to their customers. Recognizing as

much, the legislature provided in § 42-5002(A)(1) that "[a] person who imposes an added charge to cover the tax levied by this article or which is identified as being imposed to cover transaction privilege tax shall not remit less than the amount so collected to [ADOR]." Section 42-5002(A)(1), to be sure, refers to a "person who imposes an added charge," not simply to a taxpayer. But when the relevant transaction is one between a business and its customer, it can only be the business that imposes the charge, so the word "person" in § 42-5002(A)(1) can refer only to the putative taxpayer – whether a corporation, individual, or other entity.[8]

¶36    Section 42-5028, the centerpiece of controversy in this case, provides that

> A person who fails to remit any additional charge made to cover the tax or truthfully account for and pay over any such amount is, in addition to other penalties provided by law, personally liable for the

---

[8]    Before 1992, the statute now codified at § 42-5002(A)(1) read: "In no event shall *the person upon whom the tax is imposed*, when an added charge is made to cover the [TPT] . . . remit less than the amount so collected to [ADOR]." A.R.S. § 42-1302(A)(1) (1991) (emphasis added). The 1992 amendment required any "person who imposes an added charge" to remit the amounts collected. 1992 Ariz. Sess. Laws, ch. 173, § 1 (2d Reg. Sess.) The current version of the statute thus has the salutary effect of requiring remission of the added charge even if it later turns out there was no TPT liability. The putative taxpayer unsure of liability for the tax thus protects itself against a penalty by remitting the added charge and can then seek refund of the amounts remitted to ADOR. *See Ariz. Dep't of Revenue v. Canyoneers, Inc.*, 200 Ariz. 139, 23 P.3d 684 (App. 2001).

- 20 -

> total amount of the additional charge so made and not accounted for or paid over.

The majority concludes that the use of the word "person" in this statute means that personal liability is imposed on any corporate officer or director who, as a matter of fact, fails to engage in remission, payment over, or truthful accounting of the additional charge. But the Court fails to identify whence the obligation of such a "person" to pay the additional charge to ADOR arises. Indeed, the only statute dealing with the obligation to remit the additional charge is § 42-5002(A)(1). And, as I have noted above, § 42-5002(A)(1) cannot be reasonably read as imposing the duty to remit additional charges on anyone other than the person or entity that imposes the charges.

¶37 Section 42-5028 also states that the relevant personal liability is "in addition to *other penalties* provided by law." (Emphasis added.) The use of the term "other penalties" strongly suggests that § 42-5028 is a penalty provision, authorizing personal liability on someone who imposes an added charge but fails to turn it all over. This penalty is entirely separate from the *tax liability* for the TPT imposed by §§ 42-5014 and -5024. Thus, § 42-5028 is not simply surplusage if read as limited to imposing an additional penalty on the taxpayer to the extent he has collected additional charges but not paid them over. Indeed, if § 42-5024 was needed to impose

- 21 -

personal liability on a taxpayer who failed to perform his duty under § 42-5014 to remit the TPT, it logically follows that a statute other than § 42-5002(A)(1) also was needed to impose personal liability on a taxpayer who failed to perform his statutory duty to remit added charges. That statute is § 42-5028. The Court rejects this reading of § 42-5028 because the term "person" is broadly defined in Title 42 to include all manner of individuals and entities, *see* A.R.S. § 42-5001(8), while "taxpayer" is limited to a person "who is liable for any tax," *see id.* § 42-5001(18). But the critical point is that only a "person" who "imposes" the additional charge is required to remit it under § 42-5002(A)(1). Thus, the only "person" who can fail to remit (or pay over, or truthfully account for) the additional charge is one who collected it. In this case, that person can only be Action Marine.[9]

**¶38** Indeed, if we read § 42-5002(A)(1) differently, we create a statutory anomaly. As the Court notes, the statutory duty to remit TPT falls solely on the corporate taxpayer, not its officers and directors. Op. ¶ 21. It is difficult to understand how, simply by use of the generic word "person,"

---

[9]    It is of course possible for a "person" to impose the additional charge, yet not be a taxpayer – i.e., one liable for the tax. *See Canyoneers,* 200 Ariz. 139, 23 P.3d 684. Section 42-5028 thus would impose a penalty on such a person, even if not a taxpayer.

§ 42-5002(A)(1) creates a general duty on the part of such officers and directors to remit additional charges imposed to cover the TPT.[10]

**¶39**     Nor do I find A.R.S. § 43-435 helpful to ADOR. That statute imposes liability only on those "*required* to collect, truthfully account for and pay over" withholding tax.[11] Thus, if

---

[10]    As the majority notes, other states impose personal liability on corporate officers for the corporation's unpaid taxes. Op. ¶ 18 n.3. As the majority also notes, however, these states do so on the basis of statutes which, unlike A.R.S. § 42-5028, expressly provide for such personal liability. Op. ¶ 18 n.4. Any "national trend" is therefore of little utility in interpreting the relevant Arizona statutes.

[11]    Employers who withhold income tax from their employees must hold the funds in trust for the state. A.R.S. § 43-415. The employee is the taxpayer, and the employer collects the tax on behalf of the state. *See* A.R.S. §§ 43-401, 43-431. Section 43-435 thus deals with the liability of those who improperly handle trust funds.

As the majority notes, the TPT is *not* a trust fund tax because the customer bears no tax liability but is instead an excise tax on the entity engaged in business activity. Op. ¶¶ 6-7. *See* Joseph DiGiuseppe, *What Every Tax Practitioner Needs to Know About Trust Fund Taxes & Responsible Person Liability in Bankruptcy*, 17 Prac. Tax Law. 7, 14-15 (2002) (noting that the critical distinction between a trust fund tax and an excise tax turns on whether the ultimate tax liability belongs to the collecting entity or the person from whom the funds have been taken). Our previous decisions have attempted to maintain this distinction. *See, e.g.*, *Ariz. State Tax Comm'n v. Garrett Corp.*, 79 Ariz. 389, 392-93, 291 P.2d 208, 210 (1955). Today's opinion unnecessarily blurs this previously bright line by characterizing § 42-5028 as involving a trust-like tax. Op. ¶ 8.

Another article cited by the majority operates from the mistaken assumption that the TPT is a trust fund tax. Marvin A. Kirsner, Richard S. Miller, & David Neier, *Officers' &*

we were to read § 43-435 in pari materia with § 42-5028, we would impose personal liability only on those otherwise required by law to remit, account for or pay over – the "person" who "imposed" the added charge, in this case, Action Marine.[12]

¶40     The Court's reading of § 42-5028 has the practical virtue of encouraging corporate officers and directors to be vigilant in assuring that additional charges are remitted and not spent to discharge other corporate debt.  Indeed, it is difficult to excuse the Randalls' failure to safeguard funds which were taken from Action Marine's customers on the representation (either express or implied) that they were needed to pay the TPT.  But before we in effect pierce the corporate veil and impose substantial liability on these individuals in the name of good public policy, I would require that the legislature more clearly enunciate its direction that we do so.

_Directors' Nightmare:  Being Held Personally Liable for Debtor Company's Unpaid Taxes_, N.Y.L.J., Aug. 27, 2001, at 7, 7 & n.7. The article's conclusion that directors of the taxpayer are personally liable for unpaid TPT is therefore flawed.

[12]    It is conceivable that the Randalls had a duty to Action Marine to remit the additional charges.  But I am loath to read a tax penalty statute as enforcing a duty owed to a private corporation, as opposed to the state.  If the legislature meant to reach such a sweeping result, it could have said so expressly.  _Cf._ 26 U.S.C. § 6671(b) (defining "person" to include corporate officers and employees "under a duty" to perform a relevant act); 26 U.S.C. § 6672(a) (imposing personal liability on persons "required to collect, truthfully account for, and pay over" federal withholding tax).

The current statutory scheme does not so specify.  I would affirm the opinion below, and therefore respectfully dissent.[13]

_____
Andrew D. Hurwitz, Justice

CONCURRING:

_____
W. Scott Bales, Justice

---

[13]    I agree with the Court's conclusion that the "additional charge" referred to in A.R.S. § 42-5028 is the entire amount charged to the customer to cover putative TPT liability.  Op. ¶ 24.