NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, ex rel., ARIZONA DEPARTMENT OF REVENUE,
*Plaintiff/Appellee*,

*v.*

PETER A. TUNKEY, et al., *Defendants/Appellants*.

No. 1 CA-TX 21-0006
FILED 4-19-2022

Appeal from the Arizona Tax Court
No.  TX2019-000451
The Honorable Danielle J. Viola, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Penny Taylor Moore
*Counsel for Plaintiff/Appellee*

Quarles & Brady LLP, Phoenix
By Paul Valentine, Jared W. Miller
*Counsel for Defendants/Appellants*

_____

**MEMORANDUM DECISION**

Presiding Judge Cynthia J. Bailey delivered the decision of the Court, in which Judge Peter B. Swann and Judge D. Steven Williams joined.

_____

**B A I L E Y**, Judge:

**¶1** Appellants Peter A. Tunkey and Carrie A. Carney (collectively, "the Tunkeys") appeal the tax court's denial of their motion for summary judgment and grant of summary judgment to the Arizona Department of Revenue ("ADOR") on ADOR's claim that the Tunkeys were personally liable for the unpaid transaction privilege taxes ("TPT") of KT McClintock, LLC ("KT").  For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

**¶2** From 2005 through 2015, Peter Tunkey was a manager of KT, which did business as Silver Mine Subs in Arizona.  KT charged customers to cover its TPT as permitted by statute.  *See State ex rel. Ariz. Dep't of Revenue v. Tunberg*, 249 Ariz. 5, 7, ¶¶ 5-6 (App. 2020) (stating that entities may bill and collect TPT from customers and remit any additional charge collected to ADOR).  As relevant here, KT filed TPT returns for March through June and August 2010; and February, May, and June 2012.  KT self-assessed the owed TPT for those returns but did not pay ADOR the amounts it agreed were due.

**¶3** In 2019, ADOR filed a complaint against KT, the Tunkeys, and the marital community of another KT manager in tax court, alleging KT's tax liability and the Tunkeys' personal liability for the same pursuant to Arizona Revised Statutes ("A.R.S.") section 42-5028.  The tax court entered default judgments against KT and the other manager.

**¶4** ADOR and the Tunkeys filed separate motions for summary judgment, each asking the court to determine whether the Tunkeys were jointly and severally liable for the unpaid TPT.  The parties agreed on the material facts, including: 1) KT filed the returns in question, 2) these returns showed TPT amounts due to ADOR, 3) KT did not pay these amounts, 4) Peter Tunkey was a KT officer when the tax returns were filed, 5) he communicated with ADOR about KT's TPT, set up payment arrangements, and made payments to ADOR on behalf of KT, 6) the Tunkeys were married

when the returns were filed, and 7) ADOR had never issued an assessment against them personally.

¶5            In denying the Tunkeys' motion, the tax court ruled that under A.R.S. § 42-1114(A), ADOR may bring an action to recover unpaid TPT without making a formal deficiency assessment when a taxpayer admits that additional tax is due.  The court agreed that ADOR had ten years from the date the amount owed becomes final to bring an action and was not limited to the four-year statute of limitations for a notice of additional tax due, as the Tunkeys argued.  *Compare* A.R.S. § 42-1114(C) (allowing ADOR to pursue collection within ten years of the date the amount due becomes final), *with* § 42-1104(A) (requiring that ADOR mail a notice of additional tax due within four years of a tax return deadline).  The court found no notice of additional tax due was required because ADOR brought the action based on responsible-party liability arising from Peter Tunkey's status as a KT officer at the relevant time, not on the Tunkeys' personal tax return deficiency.  Because KT had filed tax returns that admitted TPT was due, no assessment for any party was required.

¶6            The tax court granted ADOR's motion and concluded that ADOR was not required to separately obtain a formal deficiency assessment against the Tunkeys "or for that matter KT," and the Tunkeys were jointly and severally liable as responsible parties for KT's unpaid TPT.

¶7            The tax court entered judgment against the Tunkeys for $25,941.08.  The Tunkeys appeal the denial of their summary judgment motion and the court's grant of ADOR's motion.  We have jurisdiction over the Tunkeys' timely appeal under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

I.       Standard of Review

¶8            We review the grant of a motion for summary judgment *de novo*.  *Strojnik v. Gen. Ins. Co. of Am.*, 201 Ariz. 430, 433, ¶ 10 (App. 2001).  Generally, a denial of a motion for summary judgment is not reviewable even after judgment, *id.* at ¶ 11 (citing *Bothell v. Two Point Acres, Inc.*, 192 Ariz. 313, 316, ¶ 7 (App. 1998)), but we may review the denial if the tax court denied it on a point of law, *id.* (citing *Hauskins v. McGillicuddy*, 175 Ariz. 42, 49 (App. 1992)).  We are persuaded to review this denial "because the issue presented in [the Tunkeys'] motion is identical to the one tendered in [ADOR's] successful motion."  *Id.*  We will affirm a grant of summary judgment only if there is no genuine issue as to any material fact and the

party seeking judgment is entitled to prevail as a matter of law. *Williamson v. PVOrbit, Inc.*, 228 Ariz. 69, 71, ¶ 11 (App. 2011).

II.     Summary Judgment

**¶9**          The Tunkeys argue that ADOR had to assess them personally before it could bring a collection action against them. We disagree.

**¶10**          Section 42-1114(A) allows ADOR to bring an action "to recover the amount of any taxes, penalties, interest or other amounts owed by the taxpayer to [ADOR] that are due and unpaid." An "additional charge" for which a "person" is accountable is the total charged to a customer to cover the TPT. *Ariz. Dep't of Revenue v. Action Marine, Inc.*, 218 Ariz. 141, 145-46, ¶¶ 22-23 (2008) (citation omitted). Under A.R.S. § 42-5028, "[a] person who fails to remit any additional charge made to cover the [TPT] or truthfully account for and pay over any such amount is . . . personally liable for the total amount of the additional charge so made and not accounted for or paid over." And the "person" in § 42-5028 includes corporate officers and directors, in addition to the taxpaying entity. *Action Marine*, 218 Ariz. at 144-45, ¶ 18.

**¶11**          The Tunkeys assert that the deficiency assessment under A.R.S. § 42-1108 is required before ADOR initiates a collection action. But the statute authorizing a suit for due and unpaid taxes imposes no such requirement. *See* A.R.S. § 42-1114(A). Contrary to the Tunkeys' argument, § 42-1104(A) is not superfluous if not applied here; instead, it applies to deficiency assessments or audits performed before ADOR determines whether to assess an additional tax liability. *See* A.R.S. § 42-1108. Here, an audit was unnecessary: KT self-assessed its tax liability, and ADOR accepted that assessment. KT simply did not pay the amount it admitted had been collected and therefore was owed. The tax court properly denied the Tunkeys' motion.

**¶12**          The Tunkeys also argue that because the Arizona Supreme Court in *Action Marine* described liability under A.R.S. § 42-5028 as "non-derivative personal liability," an action to recover TPT from them constitutes a separate tax requiring an assessment. We disagree. We read *Action Marine* to say that § 42-5028 creates TPT liability for "persons" concurrent with the business entity's liability, rather than creating a separate tax. Our supreme court in *Action Marine* sought to distinguish between liability that would be subject to additional penalties (the business entity's underlying TPT liability) from the responsible party's liability that would remain static even if the business entity's penalties increased. *See*

218 Ariz. at 146-47, ¶ 28. Liability under § 42-5028 is not a separate tax and therefore no separate assessment was required.

**¶13**        Notwithstanding their arguments based on statutory interpretation, the Tunkeys did not dispute the material facts that the tax court relied on to enter judgment on their joint and several liability for KT's unpaid TPT. With no genuine issues of material fact, the court properly granted summary judgment for ADOR. *See Orme Sch. v. Reeves*, 166 Ariz. 301, 305 (1990).

## CONCLUSION

**¶14**        We affirm.

